## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACTELION PHARMACEUTICALS US, INC., ACTELION PHARMACEUTICALS LTD and NIPPON SHINYAKU CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | C.A. No.: _____ |

## COMPLAINT

Plaintiffs Actelion Pharmaceuticals US, Inc. ("Actelion Inc."), Actelion Pharmaceuticals Ltd ("Actelion Ltd") (together, "Actelion"), and Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") (collectively, "Plaintiffs"), for their Complaint against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

2. Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

3. Plaintiff Nippon Shinyaku is a Japanese corporation having a primary place of business at 14, Nishinosho-Monguchi-cho, Kisshoin, Minami-ku, Kyoto 601-8550, Japan.

4. Upon information and belief, Defendant Apotex Inc. is an entity organized and existing under the laws of Canada, with a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

{02188991;v1 }

5. Upon information and belief, Apotex Inc., either directly or through one or more of its wholly-owned subsidiaries, sister entities, affiliates, and/or agents, develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

6. Upon information and belief, Defendant Apotex Corp. is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

7. Upon information and belief, Defendant Apotex Corp. develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

8. Upon information and belief, Apotex Corp. is registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under Business ID No. 2293995.

9. Upon information and belief, Apotex Inc. and Apotex Corp. are directly and/or indirectly wholly-owned by Apotex Holdco Inc.

10. Upon information and belief, Apotex Corp. is a U.S. agent for Apotex Inc. with respect to Abbreviated New Drug Application ("ANDA") No. 220457, for which Apotex has sought approval from the United States Food and Drug Administration ("FDA").

11. Upon information and belief, Apotex Inc. and Apotex Corp. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. Upon further information and belief, Apotex Inc. and Apotex Corp. are agents of each other and/or operate in concert as integrated parts of the same business group.

## NATURE OF THE ACTION

12. This is a civil action for infringement of United States Patent Nos. 8,791,122 ("the '122 patent") and 9,284,280 ("the '280 patent") (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

13. This action relates to Apotex's submission of ANDA No. 220457, under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), seeking FDA approval to commercially manufacture, use, import, offer to sell, and/or sell generic selexipag oral tablets 200 mcg, 400 mcg, 600 mcg, 800 mcg, 1000 mcg, 1200 mcg, 1400 mcg, 1600 mcg ("Apotex's ANDA Products"), before expiration of the patents-in-suit.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the Parties under 28 U.S.C. §§ 2201-02 because this case involves an actual controversy within the Court's jurisdiction.

15. This Court has personal jurisdiction over Apotex Inc. and venue is proper as to Apotex Inc. because, *inter alia*, Apotex Inc.: (1) directs and/or controls Apotex Corp., which is an entity organized and existing under the laws of the State of Delaware as well as registered to do business in Delaware; (2) has purposefully availed itself of the privilege of doing business in Delaware, directly or indirectly through its subsidiary, sister entity, affiliate, agent, and/or alter ego; (3) develops, manufactures, and/or imports generic versions of branded pharmaceutical products for sale and use throughout the United States, including the State of Delaware; (4) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical drugs in the State of

Delaware, including through a network of wholesalers and distributors, for the purposes of marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware; (5) upon information and belief, derives substantial revenue from the sale of its products in Delaware; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute Apotex's ANDA Products, including in the State of Delaware.

16. This Court also has personal jurisdiction over Apotex Inc. because, *inter alia*, it has availed itself of the legal protections of the State of Delaware by previously consenting to personal jurisdiction as well as asserting counterclaims in this Judicial District. *See, e.g.*, *AstraZeneca AB v. Apotex Inc. et al.*, C.A. No. 24-0551-RGA (D. Del.); *Gilead Scis., Inc. et al. v. Apotex Inc. et al.*, C.A. No. 23-0775-MN (D. Del.); *Bayer Intell. Prop. GMBH et al. v. Apotex Inc. et al.*, C.A. No. 23-0327-RGA (D. Del.); *Gilead Scis., Inc. et al. v. Apotex Inc. et al.*, C.A. No. 22-1399-MN (consolidated) (D. Del.); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, C.A. No. 22-0724-SB (D. Del.); *Horizon Medicines LLC et al. v. Apotex Inc. et al.*, C.A. No. 22-0640-CJB (D. Del.); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, C.A. No. 21-1429-WCB (D. Del.); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, C.A. No. 21-1252-RGA (D. Del.); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, C.A. No. 21-0187-CFC (D. Del.); *Astellas Pharma Inc. et al v. Sandoz Inc. et al.*, C.A. No. 20-1589-JFB (D. Del.).

17. Apotex Inc. also has availed itself of the benefits and protections of Delaware law by initiating litigation in this Judicial District and invoking this Court's jurisdiction. *See, e.g.*, *Apotex Inc. v. Boehringer Ingelheim Pharms. Inc.*, C.A. No. 24-0577-MN (D. Del.); *Apotex Inc. et al. v. Symplmed Pharms., LLC et al.*, C.A. No. 17-0276-CFC-MPT (D. Del.); *Apotex Inc. et al. v. Allergan Inc.*, C.A. No. 12-0196-SLR (D. Del.).

18. Alternatively, this Court may exercise jurisdiction over Apotex Inc. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Plaintiffs' claims arise under federal law; (2) Apotex Inc. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Apotex Inc. has sufficient contacts with the United States as a whole, including, but not limited to, submitting, directly and/or indirectly through its subsidiaries, sister entities, agents, and/or alter egos, various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.

19. This Court has personal jurisdiction over Apotex Corp., and venue is proper as to Apotex Corp., because, *inter alia*, Apotex Corp.: (1) is a Delaware corporation; (2) has purposely availed itself of the privilege of doing business in Delaware, including, *inter alia*, registering with the Department of State Division of Corporations as a business operating in Delaware under Business ID No. 2293995; (3) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including the State of Delaware; (4) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical drugs in the State of Delaware, including through a network of wholesalers and distributors, for the purposes of marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware; (5) upon information and belief, derives substantial revenue from the sale of its products in Delaware; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute Apotex's ANDA Products, including in the State of Delaware.

20. This Court also has personal jurisdiction over Apotex Corp. because, *inter alia*, it has availed itself of the legal protections of the State of Delaware by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g., AstraZeneca*

*AB v. Apotex Inc. et al.*, C.A. No. 24-0551-RGA (D. Del.); *Bayer Intell. Prop. GMBH et al. v. Apotex Inc. et al.*, C.A. No. 23-0327-RGA (D. Del.); *Gilead Scis., Inc. et al. v. Apotex Inc. et al.*, C.A. No. 22-1399-MN (consolidated) (D. Del.); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, C.A. No. 22-0724-SB (D. Del.); *Horizon Medicines LLC et al. v. Apotex Inc. et al.*, C.A. No. 22-0640-CJB (D. Del.); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, C.A. No. 21-1429-WCB (D. Del.); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, C.A. No. 21-1252-RGA (D. Del.); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, C.A. No. 21-0187-CFC (D. Del.); *Astellas Pharma Inc. et al v. Sandoz Inc. et al.*, C.A. No. 20-1589-JFB (D. Del.).

21.     Apotex Corp. also has availed itself of the benefits and protections of Delaware law by initiating litigation in this Judicial District and invoking this Court's jurisdiction. *See, e.g.*, *Apotex Inc. et al. v. Symplmed Pharms., LLC et al.*, C.A. No. 17-0276-CFC-MPT (D. Del.); *Apotex Inc. et al. v. Allergan Inc.*, C.A. No. 12-0196-SLR (D. Del.).

22.     This Court also has personal jurisdiction over Apotex because, *inter alia*, Apotex Inc. and Apotex Corp. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of Delaware, that have led to foreseeable harm and injury to Plaintiffs in the State of Delaware.

23.     Venue is proper in this Court as to Apotex Inc. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b), because, *inter alia*, Apotex Inc. is a foreign entity and may be sued in any judicial district in the United States in which Apotex Inc. is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

24.     Venue is proper in this Court as to Apotex Corp. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b), because, *inter alia*, Apotex Corp. is a corporation organized and existing

under the laws of Delaware. Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

25. Upon information and belief, the actions of Apotex of, *inter alia*, causing Apotex's ANDA No. 220457 to be filed and maintaining distribution channels, including in the State of Delaware, establish that if granted approval, Apotex will commercially manufacture, use, offer to sell, sell, and/or import Apotex's ANDA Products through the United States, including in Delaware.

## UPTRAVI® AND THE PATENTS-IN-SUIT

26. Actelion Inc. holds approved New Drug Application ("NDA") No. 207947, under which the FDA granted approval on December 21, 2015 for oral tablets, marketed in the United States under the brand name UPTRAVI®. The UPTRAVI® labeling states that selexipag tablets are available in the following strengths: 200 mcg, 400 mcg, 600 mcg, 800 mcg, 1000 mcg, 1200 mcg, 1400 mcg, 1600 mcg.

27. UPTRAVI® (selexipag), approved in NDA No. 207947, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to delay disease progression and reduce the risk of hospitalization for pulmonary arterial hypertension.

28. Plaintiff Nippon Shinyaku is the assignee of the patents-in-suit. Actelion Ltd is an exclusive licensee of the patents-in-suit. Actelion Inc. markets and sells UPTRAVI® in the United States. Actelion Inc. and Actelion Ltd are wholly-owned subsidiaries of Johnson & Johnson.

29. The '122 patent was duly and legally issued on July 29, 2014 (reissued September 15, 2017), and is titled "Form-I Crystal of 2-{4-[N-(5,6-Diphenylpyrazin-2-yl)-N-Isopropylamino]Butyloxy}-N-(Methylsulfonyl)Acetamide and Method for Producing the Same." A copy of the '122 patent is attached as Exhibit A.

30. The '280 patent was duly and legally issued on March 15, 2016, and is titled "Use of Form-I Crystal of 2-{4-[N-(5,6-Diphenylpyrazin-2-yl)-N-Isopropyl-Amino]Butyloxy}-N-(Methyl-Sulfonyl)Acetamide."  A copy of the '280 patent is attached as Exhibit B.

31. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA publication titled, *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering UPTRAVI® brand selexipag tablets.

### APOTEX'S ANDA AND NOTICE LETTER

32. Upon information and belief, Apotex has submitted ANDA No. 220457 to the FDA, including certifications with respect to the patents-in-suit under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certification"), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products prior to expiration of the patents-in-suit.

33. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the patents-in-suit.

34. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the Consent Judgment (D.I. 66) in *Actelion Pharms. US, Inc. et al. v. Alembic Pharms. Ltd. et al.*, C.A. No. 22-1450-GBW (consolidated) (D. Del.), in which Alembic Pharmaceuticals Limited and Alembic Pharmaceuticals, Inc. admitted that the claims of the '122 and '280 patents are valid and enforceable.

35. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the Consent Judgment (D.I. 76) in *Actelion Pharms. US, Inc. et al. v. Alembic Pharms. Ltd. et al.*, C.A. No. 22-1450-GBW (consolidated) (D. Del.), in which Lupin Ltd. and Lupin

Pharmaceuticals, Inc. admitted that the claims of the '122 and '280 patents are valid and enforceable.

36. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the Consent Judgment (D.I. 88) in *Actelion Pharms. US, Inc. et al. v. Alembic Pharms. Ltd. et al.*, C.A. No. 22-1450-GBW (consolidated) (D. Del.), in which Cipla Limited and Cipla USA, Inc. admitted that the claims of the '122 and '280 patents are valid and enforceable.

37. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the Consent Judgment (D.I. 40) in *Actelion Pharms. US, Inc. et al. v. MSN Lab'ys Priv. Ltd. et al.*, C.A. No. 23-0731-GBW-CJB (D. Del.), in which MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. admitted that the claims of the '122 and '280 patents are valid and enforceable.

38. Upon information and belief, prior to at least October 30, 2025, Apotex was aware of the Consent Judgment (D.I. 10) in *Actelion Pharms. US, Inc. et al. v. Lannett Co., Inc.*, C.A. No. 24-1162-GBW (D. Del.), in which Lannett Company, Inc. admitted that the claims of the '122 and '280 patents are valid and enforceable.

39. Upon information and belief, Apotex sent Plaintiffs Actelion Inc. and Nippon Shinyaku a Paragraph IV Certification Notice Letter dated October 30, 2025, stating that Apotex filed ANDA No. 220457 seeking approval from the FDA to commercially manufacture, use, market, or sell generic selexipag tablets 200 mcg, 400 mcg, 600 mcg, 800 mcg, 1000 mcg, 1200 mcg, 1400 mcg, 1600 mcg in the United States (including, upon information and belief, in the State of Delaware), prior to the expiration of the patents-in-suit.

40. On November 14, 2025, Plaintiffs requested that Apotex produce its ANDA and Drug Master File(s), among other information, in connection with the Offer of Confidential Access

that accompanied Apotex's Paragraph IV Certification Notice Letter. Plaintiffs repeated the request on at least November 24, 2025 and December 1, 2025. To date, Apotex has not provided Plaintiffs with any of the requested information, which has interfered with Plaintiffs' ability to fully evaluate the allegations raised in Apotex's Paragraph IV Certification Notice Letter with respect to at least the patents-in-suit.

41. Further, on November 19, 2025, Plaintiffs contacted Apotex to identify what is, upon information and belief, a defect in Apotex's Paragraph IV Certification Notice Letter. Specifically, Plaintiffs identified that, upon information and belief, Apotex's Paragraph IV Certification Notice Letter is missing text on what is marked as page 2. On November 25, 2025, Apotex responded and confirmed that what is marked as page 2 of Apotex's Paragraph IV Certification Notice Letter is missing text, and that this same text is also missing from the copy of Apotex's Paragraph IV Certification Notice Letter provided to the FDA. To date, Apotex has not provided Plaintiffs with the text that is missing from Apotex's Paragraph IV Certification Notice Letter, which has further interfered with Plaintiffs' ability to fully evaluate the allegations raised in Apotex's Paragraph IV Certification Notice Letter with respect to at least the patents-in-suit.

42. Plaintiffs commenced this action within 45 days of the date of receipt of Apotex's Paragraph IV Certification Notice Letter, which was dated October 30, 2025.

### APOTEX'S INFRINGEMENT OF THE PATENTS-IN-SUIT

43. Plaintiffs re-allege paragraphs 1-42 as if fully set forth herein.

44. Apotex Inc. and Apotex Corp. are jointly and severally liable for any infringement of the patents-in-suit because, on information and belief, Apotex Inc. and Apotex Corp. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 220457 and the Paragraph IV Certification to the FDA.

45. By seeking approval of ANDA No. 220457 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products prior to the expiration of the patents-in-suit, Apotex has infringed one or more claims of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

46. Upon information and belief, Apotex's commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products meets or embodies all elements of one or more claims of the patents-in-suit.

47. Upon information and belief, Apotex intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products upon receipt of final FDA approval of ANDA No. 220457.

48. If Apotex manufactures, uses, offers to sell, or sells within the United States, or imports into the United States, Apotex's ANDA Products prior to the expiration of the patents-in-suit, Apotex will infringe one or more claims of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

49. Apotex's Paragraph IV Certification Notice Letter does not dispute that the '122 patent is valid.

50. Apotex's Paragraph IV Certification Notice Letter does not dispute that the '280 patent is valid.

51. Apotex had actual and constructive notice of the patents-in-suit prior to the filing of Apotex's ANDA No. 220457 seeking approval of Apotex's ANDA Products.

52. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 220457 be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later

expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled.

53.     Plaintiffs are entitled to a declaration that, if Apotex commercially manufactures, uses, offers for sale, or sells Apotex's ANDA Products within the United States, imports Apotex's ANDA Products into the United States, and/or induces or contributes to such conduct, Apotex will infringe one or more claims of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

54.     Plaintiffs will be irreparably harmed by Apotex's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     The entry of a judgment, in favor of Plaintiffs and against Apotex, that Apotex has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 220457;

B.     The issuance of a permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Apotex, its respective directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with Apotex, from infringing the patents-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products;

C.     The entry of an order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 220457 be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled;

D.     An award of monetary relief to the extent Apotex commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that

infringes, induces, or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment and post-judgment interest;

E. A declaration that this is an exceptional case and an award of reasonable attorneys' fees and expenses to Plaintiffs pursuant to 35 U.S.C. §§ 271(e)(4)(A) and 285; and

F. Such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Plaintiffs
Actelion Pharmaceuticals US, Inc.,
Actelion Pharmaceuticals Ltd, and
Nippon Shinyaku Co., Ltd.*

*Of Counsel*:

Preston K. Ratliff II
Bruce M. Wexler
Sarah E. Spencer
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated: December 10, 2025